Order accordingly.

---

## ANABLE *a.* THE STEAM-ENGINE COMPANY.

*Supreme Court, First District; General Term, June, 1861.*

PLEADING.—AVERMENT OF PARTNERSHIP.—DENIAL.

An allegation in a complaint, that, after the making of a note payable to the order of the defendants, and naming them, trading and doing business at, &c., under their partnership name, and designating it, which note afterwards, and before the same became due and payable, was duly indorsed in writing by the said defendants by their partnership name,—is a sufficient, though informal, averment of a partnership between such defendants.

The action being to charge such defendants as indorsers, the allegation of their partnership is a material allegation. A statement by those defendants in an answer to such complaint, that "they deny the indorsement in the said complaint alleged," is not a denial of the partnership, but merely of the writing; and if there is no other denial of the partnership in the answer, that fact is not put in issue.

Appeal from a judgment.

This action was brought by William H. Anable against the Forest & Agricultural Steam-engine Company, Henry N. Conklin, Abraham Inslee, Stephen B. Conklin, and David Harrisson, to recover upon a promissory note alleged to have been made by the company who were defendants, and to have been indorsed by the individual defendants.

The allegations of the complaint were as follows:—

"That the defendants, the Forest & Agricultural Steam-engine Company,—a corporation incorporated under and by virtue of an act of the Legislature of the State of New York, entitled, 'An Act to authorize the Formation of Corporations for Manufacturing, Mining, Mechanical, or Chemical Purposes,' passed February 17th, 1848,—heretofore at the city of Brooklyn, made

their certain promissory-note in writing by their said corporate name, signed by H. N. Conklin, their treasurer, as such, and also by R. G. Fairbanks, their president, as such, bearing date on August 4th, 1858; wherein and whereby they promise to pay, three months after the date of said note, to the order of the defendants, Henry N. Conklin, Abraham Inslee, Stephen B. Conklin, and David Harrisson, trading and doing business at said city, under their partnership name of, or firm of, Conklin, Inslee & Co., the sum of $400 for value received; which said note afterwards, and before the same became due and payable, was duly indorsed in writing by said defendants, by their said partnership name, and was afterwards, and also before the same became due and payable, duly delivered, so indorsed, to said plaintiff; and which said note was, at its maturity, duly presented and shown to said defendants, the Forest & Agricultural Steam-engine Company, the makers thereof, for payment, and payment then and there duly demanded, and refused. Of all of which the said Conklin, Inslee & Co., had due notice; yet the defendants have not paid the same, or any part thereof. And the plaintiff further says, that he is now the lawful owner and holder of the said note; and that the defendants are justly indebted to him thereon in the principal sum of $400, together with interest on the same from November 7th, 1858.

" Wherefore the plaintiff prays judgment against the defendants for the said principal sum of money and interest, together with the costs of this action."

The individual defendants answered as follows: " Henry N. Conklin, Abraham Inslee, Stephen B. Conklin, and David Harrisson, defendants above named, separately answering the complaint, in the above-entitled action, deny the indorsement in the said complaint alleged of the promissory note therein set forth; and also deny any knowledge or information sufficient to form a belief as to whether the said defendants were ever notified of the presentment and non-payment of the said promissory note, as in the said complaint is alleged."

Hereupon the plaintiff severed the action, and proceeded to trial against the individual defendants.

Upon the trial at circuit, in May, 1859, before Hon. Wm. F. Allen and a jury, in support of the allegations of the complaint,

the plaintiff's counsel produced a promissory note, in these words:—

$400                                    BROOKLYN, August 4th, 1858.

Three months after date, we promise to pay to the order of Conklin, Inslee & Co., four hundred dollars, value received.

Forest & Agricultural Steam-engine Co.,

H. N. Conklin,

No. 17, due Nov. 7, '58.                          *Treasurer.*

(*Indorsed.*)—Conklin, Inslee & Co., 18 to 36 Water-street, Brooklyn.

From the judgment entered on this verdict the defendants appealed.

*William H. Scott*, for the appellants.

*John G. Arbona*, for the respondent.

BY THE COURT.*—1. We think the allegation of partnership by the defendants is sufficient, though informally averred.

2. That it is a material allegation.

3. That the denial in the answer of "the indorsement of the note, in the complaint alleged," is a mere denial of the writing, and is not a denial of the partnership.

4. That there is no denial of the partnership in the answer, and, therefore, that it is not in issue in this case.

The judgment is affirmed, with costs.†

---

* Present, CLERKE, P. J., SUTHERLAND and LEONARD, JJ.

† We are informed that this decision was affirmed by the Court of Appeals, December, 1862.